Dear Mr. Ansbacher:
On behalf of the Town of Beverly Beach, you ask substantially the following question:
Does either the Florida Constitution or state law impose a minimum millage for the levy of ad valorem taxes by a municipality?
You state that the town has enjoyed an increase in ad valorem revenues, largely due to proximity to, and location between, the Intercoastal Waterway and the Atlantic Ocean. The property owners have requested a reduction in the ad valorem millage as a result. According to your letter, the town has historically set a low millage, well below three mills, which is supplemented by other revenues.
Article VII, section 9(a) of the Florida Constitution provides in part that "municipalities shall . . . be authorized by law to levy ad valorem taxes. . . ." Pursuant to section 9(b) of Article VII, ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods of not longer than two years when approved by the electors, shall not be levied in excess of ten mills for all municipal purposes.[1] Thus, the Constitution establishes a maximum millage rate on municipal ad valorem taxation, but not a minimum millage rate.
As you note, however, section 166.241(2), Florida Statutes, requires the governing body of each municipality to adopt a budget each fiscal year and provides:
The amount available from taxation and other sources, including amounts carried over from prior fiscal years, must equal the total appropriations for expenditures and reserves. The budget must regulate expenditures of the municipality, and it is unlawful for any officer of a municipal government to expend or contract for expenditures in any fiscal year except in pursuance of budgeted appropriations.
Section 200.065, Florida Statutes, sets forth the method for fixing millage.[2] Pursuant to subsection (1) of the statute, the property appraiser, upon completion of the assessment of all property pursuant to s. 193.023, certifies to each taxing authority the taxable value within the jurisdiction of the taxing authority. Section 200.065(2)(a)1., Florida Statutes, requires that upon preparation of a tentative budget, but prior to adoption, "each taxing authority shall compute aproposed millage rate necessary to fund the tentative budget other thanthe portion of the budget to be funded from sources other than advalorem taxes. In computing proposed or final millage rates, each taxing authority shall utilize not less than 95 percent of the taxable value certified pursuant to subsection (1)." (e.s.)
Thus, the statutes contemplate that the governing body of a municipality shall raise sufficient revenue each fiscal year to achieve a balanced budget.[3] Accordingly, while the Constitution and statutes impose a cap on the maximum millage that may be imposed by a municipality, there is no floor for the minimum millage that may be imposed other than the requirement that the budget adopted by a municipality be balanced and provision is made for the payment of bonds.[4]
You recognize, however, the millage imposed by a municipality may affect its participation in programs established by state statute. For example, section 218.215(2), Florida Statutes, establishes the Revenue Sharing Trust Fund for Municipalities. Section 218.23(1), Florida Statutes, provides that in order to be eligible to participate in revenue sharing beyond the minimum entitlement in any fiscal year, a unit of local government must have, among other things,
"* * *
(c) Levied, as shown on its most recent financial report pursuant to s. 218.32, ad valorem taxes, exclusive of taxes levied for debt service or other special millages authorized by the voters, to produce the revenue equivalent to a millage rate of 3 mills on the dollar based on the 1973 taxable values as certified by the property appraiser pursuant to s. 193.122(2) or, in order to produce revenue equivalent to that which would otherwise be produced by such 3-mill ad valorem tax, to have received a remittance from the county pursuant to s. 125.01(6)(a), collected an occupational license tax or a utility tax, levied an ad valorem tax, or received revenue from any combination of these four sources."
Section 218.075, Florida Statutes, in providing for the reduction or waiver of permit processing fees by the Department of Environmental Protection and the water management districts, requires the governing body of a municipality claiming fiscal hardship to certify that the cost of the permit processing fee is a fiscal hardship due to one of the factors set forth by the statute. One of those factors is an "[a]d valorem operating millage rate for the current fiscal year is greater than 8 mills."[5]
Accordingly, I am of the opinion that neither the Florida Constitution nor state law mandates that a municipality impose a minimum millage for the levy of ad valorem taxes. The statutes contemplate that the governing body of the municipality shall establish a millage to raise sufficient revenue, together with the other revenues of the municipality, to provide a balanced budget and for the payment of any outstanding bonds. The millage imposed by a municipality, however, may affect its participation in programs established by state statute such as the municipality's participation in revenue sharing above the minimum entitlement.
Sincerely,
Bill McCollum Attorney General
BM/tjw
[1] And see s. 166.211(1), Fla. Stat., providing:
"Pursuant to s. 9, Art. VII of the State Constitution, a municipality is hereby authorized, in a manner not inconsistent with general law, to levy ad valorem taxes on real and tangible personal property within the municipality in an amount not to exceed 10 mills, exclusive of taxes levied for the payment of bonds and taxes levied for periods of not longer than 2 years and approved by a vote of the electors."
See also s. 200.081, Fla. Stat., stating that "[n]o municipality shall levy ad valorem taxes against real property and tangible personal property in excess of 10 mills, except for voted levies;" and s.192.001(10), Fla. Stat. ("Mill" means one one-thousandth of a United States dollar. "Millage" may apply to a single levy of taxes or to the cumulative of all levies).
[2] See s. 200.001(2), Fla. Stat., providing that municipal millages shall be composed of four categories of millage rates:
"(a) General municipal millage, which shall be that nonvoted millage rate set by the governing body of the municipality.
(b) Municipal debt service millage, which shall be that millage rate necessary to raise taxes for debt service as authorized by a vote of the electors pursuant to s. 12, Art. VII of the State Constitution.
(c) Municipal voted millage, which shall be that millage rate set by the governing body of the municipality as authorized by a vote of the electors pursuant to s. 9(b), Art. VII of the State Constitution.
(d) Municipal dependent special district millage, as provided in subsection (5)." (e.s.)
[3] Cf. s. 195.101(2), Fla. Stat., directing the Department of Revenue to determine each year whether a municipality is assessing the real and tangible personal property within their jurisdiction in accordance with law. If the department determines that any municipality is assessing property at less than that prescribed by law, "the Chief Financial Officer shall withhold from such municipality a portion of any state funds to which that municipality may be entitled equal to the difference of the amount assessed and the amount required to be assessed by law."
[4] Cf. s. 200.181, Fla. Stat., and s. 195.207, Fla. Stat., providing:
"No municipal charter may prohibit or limit the authority of the governing body to levy ad valorem taxes or utility service taxes authorized under s. 167.431. Any word, sentence, phrase, or provision, of any special act, municipal charter, or other law, that prohibits or limits a municipality from levying ad valorem taxes within the millage limits fixed by s. 9, Art. VII of the State Constitution, or prohibits or limits a municipality from levying utility service taxes within the limits fixed by s. 167.431, is hereby nullified and repealed."
[5] Section 218.075(4), Fla. Stat.